UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

---

In re:

JOHN E. CHAPDELAINE,

        Debtor.

Case No. 05-35823 (ASD)

Chapter 7

RE: Doc. I.D. No. 53

---

**MEMORANDUM OF DECISION
ON TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**

**I. BACKGROUND**

On October 11, 2005, John E. Chapdelaine (hereafter, the "Debtor") commenced this bankruptcy case by the filing of a voluntary petition (hereafter, the "Petition") under Chapter 7 of the Bankruptcy Code. Richard M. Coan (hereafter, the "Trustee") was appointed interim trustee, has succeeded and qualified as trustee, and is currently serving in that capacity.

The Debtor's bankruptcy schedules filed with the Petition list a "fee simple" interest in real property commonly known as 25 Pine Drive, New Milford, Connecticut (hereafter, the "Property") valued at $207,000. On the Petition, the Debtor listed his street address as the Property but listed his mailing address as "c/o Martin, 11 Drummers Lane, Bethel, Connecticut". In his original schedules, the Debtor did not claim an exemption in the Property. On November 30, 2005, the Debtor amended Schedule C to claim a $75,000 exemption in the Property pursuant to C.G.S. § 52-352b(t) (hereafter, the "Exemption Claim"). On that same date, the Debtor also amended Schedule A to value the Property at $325,000.

On December 5, 2005, the Trustee filed a <u>Trustee's Objection to Debtor's Claim of Exemptions</u> (hereafter, the "Exemption Objection"), Doc. I.D. No. 14, objecting to the Exemption Claim on the basis that the Property was not the Debtor's homestead on the Petition Date.  The Exemption Objection asserted, *inter alia*, that the Debtor had moved out of the Property prior to the Petition Date.  The Debtor responded by filing an <u>Objection to Trustee's Objection to Debtor's Claim of Exemptions</u> (hereafter, the "Debtor's Objection"), Doc. I.D. No. 16, asserting therein, *inter alia*, "[t]he absence of the Debtor from [the Property] is temporary and he has no other permanent residence."

On June 15, 2006, the Trustee filed a <u>. . .Motion for Summary Judgment</u>, Doc. I.D. No. 53 (hereafter, the "Motion"), accompanied by, *inter alia*, a <u>Memorandum in Support of Motion for Summary Judgment</u>, Doc. I.D. No. 53-1 (hereafter, the "Memorandum in Support") and a <u>Local Rule 56(a) Statement</u>, Doc. I.D. No. 53-2.  The Debtor's entire reply to the Motion and the Local Rule 56(a) Statement was contained within his <u>Memorandum . . . in Opposition of [sic] Trustee's Motion for Summary Judgment</u> (hereafter, the "Debtor's Memorandum"), Doc. I.D. No. 54, and did not include all of the material required by Rule 56(a) of the Local Civil Rules of the United States District Court for the District of Connecticut (hereafter, the "Local Rule(s)"), made applicable to this proceeding by D.Conn. LBR 1001-1(b).  However, notwithstanding the Debtor's failure to comply fully with Local Rule 56(a), and for the reasons which follow, the Motion shall be **DENIED** *with condition*s.

## II. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant proceeding by virtue of 28 U.S.C. § 1334(b); and this Court derives its

authority to hear and determine this matter on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1).  This is a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(B).

## III.  DISCUSSION

### A.  Summary Judgment Standards

Federal Rule of Civil Procedure 56(c) (hereafter, "Rule 56"), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, directs that summary judgment shall enter when "the pleadings, depositions, answers to interrogatories, and *admissions* on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (emphasis added).

When ruling on motions for summary judgment "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The moving party has the burden of showing that there are no material facts in dispute and all reasonable inferences are to be drawn, and all ambiguities resolved in favor of the non-moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

In the Second Circuit a court cannot grant such a motion merely for lack of response but must (i) assess "whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law" and (ii) "be satisfied that the citation to evidence in the record supports the assertion".  Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004); see also Giannullo v. City of New York, 322 F.3d 139

(2d Cir. 2003); Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 74 (2d Cir.2001).

To defeat a properly supported motion for summary judgment, the non-moving party "may not rest upon the mere allegations or denials of its pleadings"; its response "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party must show more than "some metaphysical doubt as to the material facts." Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

## B. Application of Local Rule 56(a)

Local Rule 56(a)[1] supplements Federal Rule 56(c) by requiring statements of

---

[1] Local Rule 56(a), entitled "Motions for Summary Judgment", states in pertinent part as follows:

    1. There shall be annexed to a motion for summary judgment a document entitled "Local Rule 56(a)1 Statement", which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2.

    2. The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied. The Local Rule 56(a)2 Statement must also include in a separate section entitled "Disputed Issues of Material Fact" a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

    3. Each statement of a material fact by a movant in a Local Rule 56(a)1 Statement or by an opponent in a Local Rule 56(a)2 Statement, and each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a)1 and 2 Statements in conformity with Fed. R. Civ. P. 56(e). Counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in sanctions, including, when the movant fails to comply, an order denying the motion for summary judgment, and, when the opponent fails to comply, an order granting the motion.

\* \* \* \*

-4-

material fact from each party to a summary judgment motion. Specifically, the Local Rule requires a party moving for summary judgment, *inter alia*, to annex to the motion a document entitled "Local Rule 56(a)1 Statement" asserting the allegedly undisputed facts on which that party relies, together with citation to the admissible evidence of record supporting each such fact. See Local Rule 56(a)1, 3; fn. 1, supra. The Trustee has complied with this Local Rule.

The material facts set forth in a movant's Local Rule 56(a)1 Statement "will be deemed to be admitted unless controverted by the [Local Rule 56(a)(2) Statement]." Local Rule 56 "is strictly interpreted, and failure to properly controvert facts in opposing a summary judgment motion is an appropriate consideration in granting the motion." Ross v. Shell Oil Co., 672 F. Supp. 63, 66 (D. Conn. 1987) (citations omitted ); Booze v. Shawmut Bank, Connecticut, 62 F. Supp. 2d 593, 595 (D. Conn. 1999). Indeed, the failure to comply with Local Rule 56(a)2, when the issue is primarily fact-based, is sufficient cause for the court to grant the motion. Fowler v. Connecticut Student Loan Foundation, 250 B.R. 828, 830-31 (Bankr. D. Conn. 2000); cf. Hoffmann v. Adinolfi, O'Brien & Hayes (In re Sylvia), 185 B.R. 674 (Bankr. D. Conn. 1995) (intentional failure to file a Local Rule 56(a)1 Statement by movant for summary judgment is sufficient basis for the court to deny motion).[2]

---

[2]The cited cases all discuss former Local Rule 9(c), which prior to amendment by Local Rule 56 in 2003, provided:

> 1. There shall be annexed to a motion for summary judgment a document entitled "Local Rule 9(c)1 Statement", which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be served by the opposing party in accordance with Rule 9(c)2.
>
> 2. The papers opposing a motion for summary judgment shall include a

In this District, faithful compliance with Local Rule 56(a) is an important aspect of the proper prosecution of a motion for summary judgment, or opposition thereto, since that Local Rule is intended, *inter alia*, to "streamline the consideration of summary judgment motions . . . ." Holtz, supra, 258 F.3d at 74. The failure to comply with Local Rule 56 wastes valuable time and resources, impedes the effective and efficient discharge of the Court's independent role under applicable law, and may lead to sanctions, including, when the opponent fails to comply, an order granting the motion. See Local Rule 56(a)3; fn. 1, supra. The Debtor has failed to file the requisite Local Rule 56(a)(2) Statement and is otherwise in noncompliance with Local Rule 56. Given the remedial nature of the Local Rule, and considering the totality of the circumstances attending this matter, the Court deems sanctions short of granting the motion, as discussed hereafter, appropriate in this case.

**C. Sanctions.**

For failure to file the requisite papers of Local Rule 56(a)2 and 3, all material statements of fact in the Trustee's Rule 56(a)1 Statement shall be deemed admitted pursuant to Local Rule 56(a)1, and the Debtor is precluded from introducing any evidence directly contrary thereto. In addition, the sole issue at the evidentiary hearing on the Exemption Objection shall be whether the Debtor "abandoned" the Property. The scope of the hearing has been circumscribed in this manner in view of the fact that

---

document entitled "Local Rule 9(c)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 9(c)1 Statement whether each of the facts asserted by the moving party is admitted or denied. The Local Rule 9(c)2 Statement must also include in a separate section a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

3. The statements referred to above shall be in addition to the material required by these Local Rules and the Federal Rules of Civil Procedure.

(i) the Rule 56(a)1 Statement does not *directly* assert that the Debtor vacated the Property "voluntarily", i.e., "abandoned" it, see, e.g., In re Lewis, 216 B.R. 644 (Bankr. N.D. Okla. 1998) (noting that "abandonment", in the context of a claim of homestead rights, "is a term of art, the meaning of which goes beyond the mere vacation of . . . premises"), (ii) assertions in the Debtor's Objection and Debtor's Memorandum can be fairly read to claim that the Debtor's pre-Petition departure from the Property was temporary and not voluntary, and thereby controverted any reasonable inference logically drawn from deemed admitted facts in the Rule 56(a)1 Statement that the Debtor "abandoned" the Property, see Rule 56(a)1 Statement, ¶¶ 5, 8 -18, and 20 – 22, and (iii) no other material fact remains in issue.³  Finally, at that hearing, as already noted, the Trustee shall have the benefit of all reasonable inferences arising from the deemed admitted facts in the Rule 56(a)1 Statement.

### IV.  CONCLUSION

In view of the foregoing, the Motion shall be **DENIED** *with conditions* as set forth above.⁴  A hearing on the Exemption Objection and the Debtor's Objection, limited to the issue of "abandonment" of the Property, shall be held Wednesday, October 25, 2006 at 11:30 A.M. at the United States Bankruptcy Court, Connecticut Financial Center

---

³The material elements of the exemption contest are highlighted in *In re Kujan,* 286 B.R. 216, 220-21 (Bankr.D.Conn.2002).  In that case United States Bankruptcy Judge Lorraine Murphy Weil analyzed Connecticut's definition of homestead and found that a debtor claiming such an exemption must satisfy three criteria. "[T]here are three requisites for real property to constitute an individual's statutory homestead.  First, the individual must 'own' the subject real property within the meaning of Section 52-352a as of the relevant time. Second, the individual must 'occup[y]' the subject real property within the meaning of Section 52-352a as of the relevant time. Third, the subject real property must be 'used as a primary residence' within the meaning of Section 52-352a as of the relevant time." *Id.*

⁴The Defendant should not read this Memorandum with any degree of comfort.  In failing to comply with Local Rule 56(a)2 and 3 the Debtor has chosen a very "risky and imprudent path", *Vermont Teddy Bear Co. Inc.*, *supra,*  373 F.3d at 247, which could ultimately end with the loss of his Exemption Claim on the basis of the facts deemed admitted pursuant to Rule 56(a)1, and inferences drawn therefrom.

(18th Floor), 157 Church Street, New Haven, Connecticut.

Dated: October 2, 2006                                                BY THE COURT

*Albert S. Dabrowski*
**Albert S. Dabrowski**
**Chief United States Bankruptcy Judge**